THE STATE, HENRY R. BALDWIN, PROSECUTOR, v. THE BOARD OF FREEHOLDERS OF MIDDLESEX.

In an investigation ordered to be made into the financial affairs of a county, under and in pursuance of the act in *Gen. Stat.*, p. 2238, the expenses of the investigation must be paid under the order of the Chief Justice. The board of chosen freeholders has no power to order money to be paid by the county collector to associate counsel who appeared for them.

On *certiorari*.

Argued at June Term, 1895, before Justices VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *Roderick Byington*.

For the defendant, *William H. Vredenburgh*.

The opinion of the court was delivered by

VAN SYCKEL, J.  The prosecutor seeks to set aside a resolution of the board of freeholders directing the payment by the county collector to W. T. Hoffman, Esq., of $400 on account of services rendered by him as associate counsel to the board in the investigation ordered by the Chief Justice under and in pursuance of the act in *Gen. Stat., p.* 2238.

1. There is no authority given the board to employ associate counsel in this summary investigation.

So far as it was an investigation into the conduct of the members of the board as individuals, they clearly had no right to defend themselves at the public expense.

So far as it was intended to expose the unlawful acts of others, the act under which the proceeding was taken imposed upon the Chief Justice the duty of providing, at the public expense, the necessary aid to investigation.

2. The act expressly provides that the costs of the investigation shall be taxed by the Chief Justice and paid under his order.

The proceedings were to be conducted under his general supervision and control, and the expenses attending the examination were to be kept within such reasonable limit as he, in his discretion, should approve.

The word "costs" in the statute manifestly means "expenses," as there is no fee-bill which will apply to such a case.

The Chief Justice, by the terms of the act, must tax all the expenses, not part of them only; there is no exception.

He has made no order, either for employment or payment of the associate counsel, to the board of freeholders, and therefore the payment to him under the order certified will be without authority.

It was not intended that persons investigated should be at liberty to impose a burden at their own discretion upon the taxpayers of the county.

If they could do it in this case, they would have like power

where it was shown that they had participated in defrauding the public.

The provision in the act that the Chief Justice shall tax the costs is a wise safeguard. The board of freeholders acted without authority in making the order certified, and it should therefore be set aside.